**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| LADARIOUS GIBBS, | : | MOTION TO VACATE |
| BOP # 65119-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:13-CR-276-ODE-JKL-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:17-CV-1727-ODE-JKL |

**FINAL REPORT AND RECOMMENDATION**

Movant, Ladarious Gibbs, confined in the United States Penitentiary in Atlanta, Georgia, submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 401.] The motion to vacate is before the Court for preliminary review under Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts. Summary dismissal of a motion to vacate is proper "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief . . . ." 28 U.S.C. foll. § 2255, Rule 4(b). For the reasons given below, the undersigned recommends that the motion to vacate be dismissed as untimely.

AO 72A
(Rev.8/82)

I.   Discussion

On September 14, 2015, Movant pleaded guilty to (1) carjacking, in violation of 18 U.S.C. §§ 2 and 2119(1), and (2) possession of a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c)(1)(A)(ii). [Doc. 332.] On November 18, 2015, the District Court sentenced Movant to 316 months of imprisonment followed by five years of supervised release. [Docs. 343, 356.] On March 14, 2016, the District Court amended the judgment and commitment to provide that Movant's sentence "is to be credited from January 9, 2015, with no credit for prior time in custody." [Doc. 375 at 1.] Movant did not appeal. [Doc. 401 at 1.]

Movant delivered his motion to vacate to prison authorities for mailing on April 27, 2017. [Doc. 401 at 12.][1]  Movant claims that (1) 18 U.S.C. § 924(c) "is

---

[1] "[A] prisoner's pro se [motion to vacate] is deemed filed the date it is delivered to prison authorities for mailing." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam). Courts assume that a motion to vacate was delivered for mailing on the same date that the prisoner executed the motion, unless there is contrary evidence. *Id.*

In the present case, Movant states that he executed his motion to vacate on April 7, 2017, which was twenty days before he delivered it to prison authorities for mailing. [Doc. 401 at 12.] It is unknown whether Movant (1) actually waited twenty days between execution and delivery, or (2) reported either the execution or delivery date incorrectly. For the reasons given below, Movant's motion to vacate is untimely under both scenarios.

2

unconstitutionally vague in light of [*Johnson v. United States*, 135 S. Ct. 2551 (2015)]," and (2) he received ineffective assistance of counsel. [*Id.* at 4-9.]

A motion to vacate is subject to the one-year statute of limitations provided by 28 U.S.C. § 2255(f). The one-year period runs from the latest of the dates on which (1) Movant's convictions became final; (2) a Government impediment to making the motion to vacate was removed; (3) a right that Movant asserts was initially recognized by the United States Supreme Court, if the right has been newly recognized and made retroactively applicable to cases on collateral review; or (4) Movant, with due diligence, could have discovered the facts supporting his claims. *See* 28 U.S.C. § 2255(f)(1)-(4).

Under § 2255(f)(1), Movant had fourteen days in which to appeal his convictions after the District Court amended the judgment and commitment on March 14, 2016. *See* Fed. R. App. P. 4(b)(1)(A)(i). Movant did not appeal, and the fourteen-day period expired on March 28, 2016. Thus, Movant's convictions became final on that date, and the one-year statute of limitations in § 2255(f)(1) expired on March 28, 2017.[2] Movant delivered his motion to vacate to prison authorities for mailing thirty

---

[2] The one-year period is calculated using the "anniversary method, under which the limitations period expires on the anniversary of the date it began to run." *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (internal quotation marks omitted).

AO 72A
(Rev.8/82)

days late, on April 27, 2017.³ Movant does not indicate that the circumstances set forth in § 2255(f)(2) and (4) apply to him.

Movant suggests that § 2255(f)(3) applies to his first ground for relief because it is based on *Johnson*. [Doc. 401 at 4.]⁴ However, *Johnson* was decided on June 26, 2015, which was approximately one year and ten months before Movant delivered his motion to vacate to prison authorities for mailing. Furthermore, *Johnson* applies to offenders who received enhanced sentences for convictions under 18 U.S.C. § 922(g). Movant was convicted under § 924(c)(1)(A)(ii). Accordingly, § 2255(f)(3) does not apply to Movant.

"Equitable tolling is appropriate when a [movant] untimely files because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence." *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999) (per curiam). Movant is not entitled to equitable tolling because he does not raise any

---

³ If Movant delivered his motion to vacate to prison authorities for mailing on April 7, 2017, the motion would be ten days late. *See supra* note 1.

⁴ The United States Supreme Court determined that *Johnson* is retroactively applicable to cases on collateral review. *See Welch v. United States*, 136 S. Ct. 1257, 1268 (2016).

extraordinary circumstances that occurred during the one-year period in which he could have filed a timely motion to vacate.

"Actual innocence is not itself a substantive claim, but rather serves only to lift the procedural bar caused by [a movant's] failure timely to file [a] § 2255 motion." *United States v. Montano*, 398 F.3d 1276, 1284 (11th Cir. 2005) (per curiam). To demonstrate actual innocence, a movant must "support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). A movant "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id.* at 327. Movant has not presented new reliable evidence demonstrating actual innocence.

Accordingly, the undersigned recommends that the motion to vacate be dismissed as untimely.

II.    Certificate of Appealability

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C.

§ 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A certificate of appealability should be denied because the resolution of the issues presented is not debatable. If the District Court adopts this recommendation and denies a certificate of appealability, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

6

III.  Conclusion

Based on the foregoing, the undersigned **RECOMMENDS** that the motion to vacate [Doc. 401] be **DISMISSED** as untimely and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the motion to vacate to the undersigned.

**IT IS SO RECOMMENDED**, this 25th day of May, 2017.

_____
JOHN K. LARKINS III
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)